CHARLES K. FIELD, ADMINISTRATOR OF GEORGE H. ROBERTS, v.
GILBERT H. MANN.

*Written Agreement.   Verbal Agreement.   Evidence.   Notice.*

It is competent to prove a verbal agreement made subsequent to a written agreement, which varies the written agreement, though made on the same occasion and before the parties separate, where the written agreement contemplates a supplementary contract, and the verbal agreement is consistent with what the written agreement contemplates might thereafter transpire between the parties to supply what the written contract expressly left open for future agreement.

Where a party is to give notice to another in a distant town, to which there is a daily mail, if he desires to rescind a contract within three days, it is *held* that a deposite of a letter to that effect in the post office on the third day too late for the mail, though supposed by him to be in season, and which consequently does not reach the other party till the next day, does not constitute notice within the three days.

The plaintiff (Roberts) and the defendant (Mann) made the following written agreement:

"Springfield, March 22, 1865.
"Received of G. H. Roberts, three hundred dollars on a lot of assorted fur skins, billed at $347.25. This money is to be applied in payment for the skins if we can agree on the prices; otherwise, the skins are to be returned to Brattleboro, Vt., by Roberts, and I am to return the $300.   GILBERT H. MANN."

The defendant refused to take back the skins, and the plaintiff soon after sold them for two hundred and nineteen dollars, the then market price, and sued the defendant for the balance of the three hundred dollars. The defendant was allowed to testify that after the written contract was made but before the parties separated the plaintiff agreed to notify the defendant in three days whether he would keep the skins and pay said three hundred and forty-seven dollars and twenty-five cents for them or not. *Held*, that this testimony was properly received and that it was proper for the court to submit to the jury to find whether there was such an agreement in fact; the court holding that the evidence tended to show that the parol agreement was that if the plaintiff did not notify the defendant in three days whether he would take the skins at the price named or not, then it was to be a sale at that price. PECK, J., *dissenting*, on the ground that the evidence had no such tendency.

ASSUMPSIT for money had and received. Plea, the general issue. Trial by jury, April term, 1868, BARRETT, J., presiding.

The plaintiff's evidence tended to show negotiations on the 20th and 21st of March, 1865, in Springfield, Mass., between his clerk, W. S. Clark, and the defendant, in respect to a sale of some fur skins by the defendant to him, he being a dealer in furs, etc., in Springfield, Mass.; that the market in furs was then declining rapidly, and Clark finally declined to buy them at any price; that thereupon the defendant then said to him that he must raise $300 on them to meet a bank note falling due on that day, and

asked Clark if he would advance that sum of money and hold the skins as security; that Clark assented and did loan him $300, and the defendant left the skins with him as security, and thereupon the defendant wrote and executed an agreement as follows:

"Springfield, March 22, 1865.

"Received of G. H. Roberts, three hundred dollars on a lot of assorted fur skins, billed at $347.25. This money is to be applied in payment for the skins if we can agree on the prices; otherwise the skins are to be returned to Brattleboro, Vt., by Roberts, and I am to return the $300.

"GILBERT H. MANN."

That the defendant then left the store to take the morning train for Brattleboro, where he resided; that on Saturday, March 25, Roberts received a letter from the defendant, dated on that day, saying, in substance, that the three days having expired in which Roberts was to notify him if he did not retain the skins at the defendant's price, he concluded he had accepted them, and that he wished him to send him a check for the balance of $47.25; that on or about three o'clock P. M. of the same day, Roberts deposited a letter in the post-office at Springfield, directed to the defendant, informing him that as the market was still falling he declined to buy the skins at any price that the defendant had proposed, and requested to know whether he should return them to him by freight or by express, and requested him to return him the $300; that on Monday, March 27, Roberts received a letter from the defendant in answer thereto, claiming that he had sold the skins to him, and refused to receive them again; that some further correspondence took place between the parties, in which the defendant insisted that he had sold the skins to Roberts, and refused to receive them again and return the $300, whereupon Roberts sent them to a commission house in New York, where they were sold tor $219.91, the then market price, and subsequently brought this suit to recover the balance of the $300.

The defendant's evidence tended to show that, on the occasion of making said contract, Clark proposed to keep the furs, saying that it was probable the plaintiff would keep them and pay the $347.25, but they wanted to hear from their shippers in New

York, and that Clark also proposed to advance to the defendant $300 on the lot of furs. This the defendant agreed to, and thereupon took the $300 and executed the receipt above referred to.

The defendant then offered to testify that immediately after he had written and signed said agreement, it occurred to him that he had stated no time in the writing in which the plaintiff should notify him whether he would keep the skins and pay for them at the prices named in the agreement or not, and that he then said to Clark he must notify him in three days whether he would keep the skins and pay said price for them or not, to which Clark assented. To this evidence the plaintiff objected, but the court *pro forma* overruled the objection and admitted the evidence, to which the plaintiff excepted, and the defendant testified in substantial accordance with his offer. The defendant conceded that at the time said written agreement was made there was no other contract subsisting between him and the plaintiff relative to the sale of the skins, though, as he understood it, he had made two oral contracts with the plaintiff about the matter of such sale before that time, which the plaintiff had rescinded.

The plaintiff then offered evidence tending to show that the writing contained the whole agreement between himself and the defendant, and that though there was something said about his giving the defendant notice in three days, there was no such agreement made; that he deposited his said letter of March 25 in the Springfield post-office at about three o'clock P. M. of Saturday, March 25, knowing that a passenger train went from there to Brattleboro after that hour on that day, and supposed it carried a mail so the defendant would receive said letter that evening. It was conceded that the defendant did not receive said letter, or any communication from the plaintiff, till the following Monday forenoon, when he received it, and that he received it by the first mail from Springfield after it was deposited in the Springfield post office.

The testimony being closed, the plaintiff requested the court to instruct the jury that if they should find there was in fact such an oral agreement as the defendant's evidence tended to show there was, relative to notice being given in three days, that the plain-

tiff's depositing the letter in the post-office on Saturday, as testified to by him, informing the defendant of his refusal to purchase the skins, and requesting him to return the $300, was a legal compliance with such agreement. The court declined so to instruct the jury, but did instruct them *pro forma* that the depositing said letter in the post office by the plaintiff on Saturday, as testified to by the plaintiff, was not a legal compliance with such agreement, if there was such an agreement, and submitted to the jury to find from the evidence whether there was such an agreement in fact, as was claimed by the defendant, which was the only question submitted to them. To the refusal of the court to instruct the jury as requested, and to the charge of the court as above set forth, the plaintiff excepted. The jury returned a verdict for the defendant.

*Field & Tyler*, for the plaintiff.

*George Howe* and *Charles N. Davenport*, for the defendant.

The opinion of the court was delivered by

PECK, J.    At the time the written contract was executed, the attempt to negotiate a sale of the skins to the plaintiff had failed, and the case states that it was conceded by the defendant at the trial, that at the time the written agreement was made there was no other contract subsisting between him and the plaintiff relative to the sale of the skins. The questions, therefore, must depend upon the written contract and what transpired after its execution.

Standing upon the written contract, the case was with the plaintiff, but was turned against him by the introduction of the parol evidence by the defendant as to what transpired on the occasion of the making of the written agreement, immediately after its execution at the same interview, to show " *that he*" (the defendant) " *then said to Clark he must notify him in three days whether he would keep the skins and pay said price for them or not, to which Clark assented.*" It is insisted on the part of the plaintiff that the alleged verbal agreement was simultaneous with the execution of the written contract, and part of the same transaction, and therefore inadmissible. It is a principle of law that a written contract is taken to embody correctly the whole agreement of the party or parties on the subject; and hence verbal evidence is not

admissible of what was said between the parties, either before the written contract, was made, or during its preparation, or at the time of its execution, to add to, subtract from, or vary the written contract. But it is competent to do this by a subsequent verbal agreement. This verbal agreement being on the same occasion before the parties separated, following immediately upon the execution of the written contract and while the parties apparently had the subject matter of the written agreement still in hand, there is some reason for treating the whole as transpiring substantially at the same time, and excluding the parol evidence on that ground. In strictness, however, in the order of events the verbal stipulation was subsequent to the execution of the written agreement. It is not inconsistent *with* but is in addition *to* the written agreement. It is to be noticed that the written contract provides that the money, which the defendant received of the plaintiff, was to be applied in payment for the skins, if the parties could agree on the prices, otherwise the defendant was to return the money and the plaintiff to return the skins ; thus contemplating that an agreement might thereafter be made supplementary to the written contract, if the parties could agree on the price of the skins. The verbal agreement in question is within the scope of what the written contract contemplated might thereafter transpire, that is, an agreement as to price, to supply what the written contract expressly left open for future agreement, on which the question of a sale depended. In this view of the case, we think the parol agreement is not excluded by the written contract, but that it is admissible as an agreement subsequently made as supplementary to the written contract, provided it has a legal tendency to bind the plaintiff as a purchaser of the skins at the price at which they were billed in the written contract, as the defendant claims. We all agree that the depositing of the letter in the post-office at three o'clock in the afternoon on Saturday, March 25, at Springfield, Mass., which would not in due course of mail, and did not, reach Brattleboro or the plaintiff till the next Monday forenoon, the contract having been made March 22, was not notice to the plaintiff within three days whether he would keep the skins and pay said price for them, or not; especially as

the failure of the notice to reach the defendant within the three days was not attributable to a neglect of the defendant in taking the letter from the post-office on its arrival, but wholly to the omission of the plaintiff to deposit the letter in the post-office in season for it to reach its destination within the three days in due course of mail.

The question is what are the rights of the parties in the absence of notice within the three days, the jury having found the verbal agreement that the plaintiff " must notify him " (the defendant) " in three days whether he would keep the skins and pay said price for them or not." If the evidence justified the jury in finding a sale of the skins by the defendant to the plaintiff, there is no apparent error in the ruling of the county court; otherwise there was nothing in the case to justify a verdict for the defendant. The written contract does not show a sale, but the contrary. It was conceded, as the case states, that when the written contract was executed there was no other contract subsisting relative to the sale of the skins. In order to give application or any effect to the verbal agreement as to notice in three days, it is necessary to infer or presume that there was an offer of the skins by the defendant to the plaintiff at the price specified, in connection with the agreement as to notice. This the jury would have been justified in finding, and it may be assumed they did find, from the evidence. Thus far the court are all agreed. The majority of the court hold that the evidence tends to show that the parol agreement was that if the plaintiff did not notify the defendant in three days whether he would take the skins at the price named or not, then it should be a sale at that price, and that the jury would be justified in so finding. If the evidence will bear this construction and justify such finding, there is no error, as it is equivalent to a sale of the skins to the plaintiff at the time of the agreement, with a right on his part to rescind by giving notice to that effect to the defendant in three days; and the notice not having been given within the time prescribed, the sale became absolute. But I am unable to see how the evidence can bear that construction or justify the finding of a contract of sale if notice is not given in three days. Assuming as true all

that the evidence tends to prove, I think no such consequence results from a neglect on the part of the plaintiff to give the notice. It is evident that the defendant's offer to sell the skins at the price named was not accepted at the time of the contract. How can the defendant's proposition, (accompanying this offer,) that the plaintiff must notify him in three days whether he would keep the skins and pay that price or not, be construed into an agreement that it is to be an absolute sale at that price in case of a neglect to give notice to the contrary in three days? There is no stipulation as to what the consequence of such neglect shall be. In the absence of any such stipulation, or words importing that it is to be a sale, if notice is not given the defendant to the contrary in three days, in my opinion, the neglect to give the notice only absolves the defendant from his offer, (if ever bound by it,) and puts an end to the negotiation; leaving the parties as they stood upon the written contract. In my view, the substance and legal effect of the whole matter is this: the defendant having offered the plaintiff the skins at a certain price named, which offer the plaintiff still declines, the defendant then says to the plaintiff, you must notify me in three days whether you will keep the skins and pay that price or not; to which last proposition the plaintiff assented. The obvious meaning of this is, that the offer of the defendant should stand open for acceptance by the plaintiff three days, and if not accepted and notice thereof given to the defendant within the three days, it should be at an end. It can not be claimed that the plaintiff was bound to return the skins in three days, as he had a right to hold them till the defendant paid the three hundred dollars, as security for which the skins were placed in the plaintiff's hands. Had the defendant at the end of the three days elected to pay the three hundred dollars and take back the skins, as he probably would had the property risen in market instead of falling as it did, and tendered the three hundred dollars and demanded the skins, I can not see on what principle this plaintiff could have justified his refusal to accept the money and restore the property. If this plaintiff in such case could not justify such refusal, then the defendant can not force the plaintiff to treat the transaction

as a sale; for both must be bound or neither. The requirement of notice within three days was but a condition of the defendant's offer, and not having been complied „with, the offer expired by its own limitation and neither party was bound. I think, therefore, the evidence objected to should have been excluded as having no tendency to prove a sale; and that it was error to leave it to the jury to find a verdict for the defendant in the event of finding the parol agreement. My brethren, however, all think otherwise.

The judgment of the county court is affirmed.